NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ELLA MARTIN, PETITIONER, v. EDWARD O. BELAIS, RESPONDENT.

**Casual Employment—Petitioner was Injured While Engaged Only to ·Dust and Arrange Respondent's Summer Home For Occupancy—Held, Not Compensatable.**

On summary of facts, opinion and determination.

For the petitioner, *Francis L. Stone.*

For the respondent, *Langdon E. Morris.*

### SUMMARY OF FACTS.

The respondent resides in New York City and owns a summer residence at West Long Branch, New Jersey. In April or May, 1925, respondent's wife entered into correspondence with one Emil Johnson, of West Long Branch, for the purpose of having Johnson's wife dust and arrange for occupancy several rooms in respondent's summer home, prior to the arrival of respondent and his wife for the summer. Johnson's wife, being otherwise employed, at the request of respondent's wife, Johnson secured the services of the petitioner for the purposes stated. On May 20th, 1925, petitioner went to respondent's house and commenced to dust and clean up. While removing some dirt from the rear of the house, in descending the steps of the rear porch, her shoe was caught in the bottom step by reason of its springing down under her weight, and she was pitched forward, breaking her left ankle and receiving other injuries.

### OPINION.

Petitioner was not performing any service in connection with her employer's business, but was doing a number of specified things as a domestic. This being the case, the question is whether the service being performed comes within the exception of casual employment of paragraph 23 (c) of the Compensation law. *Pamph. L.* 1919, *p.* 211. The act defines casual employment, if not in connection with any business of the employer, as employment not regular, periodic or recurring.

It is obvious that the employment was not regular, as the petitioner was engaged not for any definite period, but merely to do certain specified acts which required only a few hours for their accomplishment. Furthermore, petitioner and respondent never met, or agreed upon the compensation to be paid for the services, and there is no suggestion that the petitioner's services were anything more than temporary, or to be continued in any capacity.

Work of the nature of dusting and setting a house to rights for occupancy is in its essence not periodic. Successive cleanings and dusting after a house is occupied are of totally different nature, and at the most it can only be said that the employment is to be repeated or recur after a period of one year. Assuming that a house is occupied as a summer residence, it does not follow that the same services will be repeated each year, and even if it should be repeated, I am of the opinion that the services are too far separated and too remotely connected as to fall within the statutory definition of periodic or recurring.

Accordingly, I find that the employment of the petitioner was casual, and that the petitioner is not such employe within the statute as will entitle her to compensation for her injuries.

\*        \*        \*        \*        \*        \*        \*        \*

W. E. Stubbs,
*Deputy Commissioner.*